No. 57,364

IN THE MATTER OF CHARLES P. FLEMING, JR., *Respondent.*

(695 P.2d 1291)

On the 11th day of July, 1984, a disciplinary complaint was filed by Arno Windscheffel, Disciplinary Administrator, against Charles P. Fleming, Jr., an attorney admitted to the practice of law in the State of Kansas, alleging violations of the Code of Professional Responsibility.

A duly constituted panel of the Kansas Board for Discipline of Attorneys, after a hearing at which respondent declined to present any evidence, filed its report with the Clerk of the Appellate Courts in which it made the following findings of fact:

"2. That the respondent accepted employment from Carleen Marie Macan for the purpose of filing a divorce action for Mrs. Macan. That the respondent and Mrs. Macan first met for discussions on this divorce in October of 1982. That the respondent and Mrs. Macan discussed fees and Mrs. Macan paid the respondent a retainer of $200 on this first visit. That the respondent filed the petition for the divorce of Mrs. Macan and her husband did not contest the divorce nor was he represented in the divorce action. That the parties to the divorce action drew up their own settlement agreement.

"3. That in January of 1983 Mrs. Macan contacted the respondent about obtaining a court date for the hearing on the divorce and that several days later the respondent contacted Mrs. Macan to let her know about the setting of the divorce hearing. The respondent and Mrs. Macan went over to the courthouse for the hearing but the judge could not hear it on that date.

"4. The respondent and Mrs. Macan again went to the courthouse on January 18, 1983, to have the default divorce hearing. That when they got to the courthouse the respondent left the room where he was talking to Mrs. Macan for a while and then came back and told Mrs. Macan that the Judge had signed the divorce papers and the respondent assured Mrs. Macan that she was divorced and then Mrs. Macan and respondent left the courthouse.

"5. That the respondent sent to Mrs. Macan a final billing for his legal services after January 18, 1983, and Mrs. Macan paid the same.

"6. That thereafter Mrs. Macan and her husband attempted to get a copy of the Journal Entry of Divorce from respondent and contacted him on several occasions from March, 1983, through December of 1983. That during this period of time respondent continually assured Mrs. Macan that he would pick up the Journal Entry of Divorce and would send her a copy of the same.

"7. That in December of 1983, Mrs. Macan found out that her divorce hearing had not taken place and that she had not been divorced and she confronted the respondent with this fact and he admitted the same, and she further found out that the divorce had been dismissed for lack of prosecution in April of 1983. That following this discovery Mrs. Macan and the respondent then went back over to

the courthouse in December of 1983 in which a divorce hearing was conducted and Mr. and Mrs. Macan were divorced.

"8. The panel further finds that the respondent then refunded to Mrs. Macan all of her legal fees for the divorce action."

## The panel concluded:

"1. The Panel concludes that there is clear and convincing evidence that the Respondent is in violation of DR 6-101(A)(3) [232 Kan. clxxxvi] in neglecting a legal matter entrusted to him.

"2. The Panel further concludes that there is clear and convincing evidence that the Respondent violated DR 1-102(A)(4) [232 Kan. clxxv] by engaging in conduct involving deceit and misrepresentation."

It was the recommendation of the panel that respondent be disciplined by public censure. Respondent filed no exceptions to the report and at his appearance before this Court on the 25th day of January, 1985, acknowledged that he was cognizant of Supreme Court Rule 212(f) (232 Kan. clxviii) which provides that the report of the panel is advisory only and not binding upon this Court.

The conduct of respondent in intentionally misrepresenting to his client and her husband that they were divorced is an extremely serious breach of the Code of Professional Responsibility. Such conduct could have had untold serious consequences for Mr. and Mrs. Macan in the event of a new marriage by either, death of one of the parties, a transfer of real estate or numerous other possibilities that might have occurred during the nearly one-year period in which respondent deceived the parties by repeatedly assuring them they were divorced. Fortunately it does not appear that any serious consequences resulted.

It is the opinion of a majority of the members of this Court that the respondent should be disciplined by indefinite suspension from the practice of law in Kansas.

IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED AND ADJUDGED that Charles P. Fleming, Jr., be indefinitely suspended from the practice of law in the State of Kansas and the costs of this action are assessed to the respondent.

IT IS FURTHER ORDERED that this order of indefinite suspension be published in the official Kansas Reports.

IT IS FURTHER ORDERED that respondent shall forthwith comply with the provisions of Rule 218 (232 Kan. clxx).

BY ORDER OF THE COURT dated this 2nd day of March, 1985.